# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR183** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **BARTON E. LANGENBERG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 26) issued by the Magistrate Judge recommending denial of the Defendant's motion to dismiss (Filing No. 11). No objections have been filed to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C).

The Defendant has been charged in a multi-count Superseding Indictment with: structuring financial transactions to evade reporting requirements set out in 31 U.S.C. § 5313(a) and related regulations, in violation of 31 U.S.C. §§ 5324(a)(3), 5324(d)(1), and 31 C.F.R. § 103.11(gg) (Counts I-VI); structuring financial transactions to evade reporting requirements set out in 31 U.S.C. § 5313(a) and related regulations, in violation of 31 U.S.C. §§ 5324(a)(3), 5324(d)(2), and 31 C.F.R. § 103.11(gg) (Count VII); and criminal forfeiture (Count VIII).[1]

The Defendant seeks an order dismissing this case, arguing: the statutes and regulations in question violate the nondelegation doctrine because Congress impermissibly

---

[1]The motion to dismiss was filed before the filing of the Superseding Indictment. The changes in the Superseding Indictment appear to be minor. The government is reminded of NECrimR 7.2, which provides: "When a superseding indictment or information is filed, the government must simultaneously file a brief statement describing the differences between the original and superseding charges." Such a statement was not filed in this case.

delegated its constitutional authority to define crimes to the Secretary of the Treasury, and the Secretary then impermissibly enacted regulations defining crimes; and the statutes and regulations are vague.

Magistrate Judge Gossett filed a report and recommendation, concluding: Congress retained appropriate authority, including the establishment of criminal penalties for violating the Secretary's regulations; Congress delegated to the Secretary of the Treasury only the authority to adopt and enforce regulations to achieve that end; under Eighth Circuit precedent Congress's delegation to the Secretary of the Treasury does not render 18 U.S.C. § 5324(a)(3) unconstitutionally vague; and the issue of specific intent as it relates to jury instructions should be deferred until trial.

Notwithstanding the absence of objections, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record. The Court has read the parties' briefs (Filing Nos. 12, 17). Because Magistrate Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 26) is adopted in its entirety; and
2. The Defendant's motion to dismiss (Filing No. 11) is denied.

DATED this 28th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge